FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D N Y

★   MAR 13 2013   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
HARSHARAN SETHI,

                        Plaintiff,

          -against-

NASSAU COUNTY, NASSAU COUNTY
POLICE DEPARTMENT, P.O. EVISCERATE,
RXR SECURITY GUARD RANDY LNU, and
RXR MANAGEMENT COMPANY,

                        Defendants.
----------------------------------------------------------X

**ORDER**
11-CV-6380 (SJF)(AKT)

FEUERSTEIN, J.

On December 30, 2011, plaintiff Harsharan Sethi ("plaintiff") commenced this action pursuant to 42 U.S.C. § 1983 ("section 1983") against: (1) Nassau County, the Nassau County Police Department, and "P.O. Eviscerate" (the "County defendants"); and (2) RXR Management Company ("RXR") and "RXR Security Guard Randy" (together, "RXR"). Plaintiff alleges that his constitutional rights were violated when Nassau County police officers and RXR employees removed him from a building where he was visiting a dentist. Complaint [Docket Entry No. 1] ("Compl."). The County defendants answered and asserted a cross-claim against RXR, alleging that any damages sustained by plaintiff "through any negligence and/or wrongful conduct other than that of [p]laintiff" were caused by the negligence of RXR. [Docket Entry No. 2]. Now before the Court is RXR's motion for summary judgment dismissing plaintiff's claims and the

1

County defendants' cross claims. [Docket Entry No. 16].[1] For the reasons that follow, the motion is GRANTED.

I.  Background

The incident giving rise to plaintiff's claims occurred at a building owned and managed by RXR (the "building"). RXR's Statement of Material Facts Pursuant to Rule 56.1 [Docket Entry No. 16-3] ("Def. 56.1 St.") at ¶ 1. RXR contracted with Allied Barton Security Services, LLC ("Allied") to provide security at the building. Id. at ¶ 6. Plaintiff had previously been employed by a tenant in the building, Cambridge Who's Who ("Cambridge"). Id. at ¶¶ 2-3. Although plaintiff alleges that he was at the building on December 1, 2011 for an appointment with his dentist, one (1) of plaintiff's former co-workers, Roseann Leo, reported that she saw plaintiff taking pictures of Cambridge employees in the building cafeteria. Id. at ¶ 4. Leo notified the Cambridge office, and the Nassau police were called. Id. at ¶ 5.

Officer Gregory Echevarria (s/h/a P.O. Eviscerate) and Officer Jeff Bigger responded to the building and were escorted by an Allied security guard to the lobby where plaintiff was located. Id. at ¶ 6. Plaintiff was escorted out of the building by the officers and an Allied security guard. Id. at ¶ 10. RXR has submitted evidence that no employee of RXR was in contact with either the Nassau County police or Allied during the incident. Id. at ¶ 10.

---

[1] RXR served plaintiff and the County defendants with the motion for summary judgment on November 28, 2012. [Docket Entry No. 16-12]. The County defendants have not opposed the motion. Although plaintiff's opposition to the motion was required to be served within fourteen (14) days, plaintiff did not serve RXR with his opposition until December 19, 2012. [Docket Entry No. 17]. On December 14, 2012, plaintiff's counsel requested that RXR consent to an extension of the deadline, but RXR refused. [Docket Entry Nos. 18, 20]. In a letter to the Court filed on December 20, 2012, plaintiff asked the Court to consider its opposition papers despite plaintiff's failure to timely serve RXR, [Docket Entry No. 20], but plaintiff never filed his opposition papers with the Court. Therefore, the Court has deemed the motion for summary judgment unopposed.

II.     Summary Judgment Standard

"Summary judgment must be granted where the pleadings, the discovery and disclosure materials on file, and any affidavits show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "In ruling on a summary judgment motion, the district court must resolve all ambiguities, and credit all factual inferences that could rationally be drawn, in favor of the party opposing summary judgment and determine whether there is a genuine dispute as to a material fact, raising an issue for trial." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (internal quotation marks omitted). "A fact is material if it might affect the outcome of the suit under the governing law, and an issue of fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Ramos v. Baldor Specialty Foods, Inc., 687 F.3d 554, 558 (2d Cir. 2012) (internal quotation marks omitted).

"The moving party bears the burden of establishing the absence of any genuine issue of material fact." Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010). If this burden is met, "the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts and may not rely on conclusory allegations or unsubstantiated speculation." Id. (internal quotation marks and citations omitted).

Even where a summary judgment motion is unopposed, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker v. Foley, 274

3

F.3d 677, 681 (2d Cir. 2001). Moreover, "the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement," but rather "must be satisfied that the citation to evidence in the record supports the assertion." Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

III. Discussion

Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

To state a cognizable section 1983 claim, a plaintiff must allege that the challenged conduct was "committed by a person acting under color of state law" and that the conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotation marks omitted). Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

In addition, in order to state a claim for relief under section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010). A complaint based upon a violation under section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010) (summary order).

RXR has submitted evidence that it was not involved in the alleged deprivation of plaintiffs' constitutional rights; the evidence before the Court shows that only Officer Echevarria, Officer Bigger and an employee of Allied interacted with plaintiff during the

4

incident. Since plaintiff has not submitted evidence demonstrating the existence of a genuine issue of material fact with respect to RXR's role in the incident, his claims against RXR must be dismissed. Likewise, the County defendants have not submitted any evidence in support of their claim that plaintiff's injuries (if any) were caused by RXR's negligence. Accordingly, RXR's motion for summary judgment is granted, and all claims and cross-claims against RXR are dismissed with prejudice.

III. Conclusion

For the foregoing reasons, defendants' motion for summary judgment [Docket Entry No. 16] is GRANTED.

**SO ORDERED.**

Sandra J. Feuerstein
United States District Judge

Dated: March 13, 2013
Central Islip, New York